QUESTIONS: 1. If the Career Service Commission should elect to refer certain of its appeal cases to hearing officers for the Division of Administrative Hearings, would this decision have any effect on whether the commission would lose any of its rights to hear those cases it does not elect to refer? 2. If the commission should choose to refer only appeals such as for 3-day suspensions, layoffs, and transfers, could this possibly be interpreted as being in violation of any state statutes?
SUMMARY: The Career Service Commission, as an agency head as defined by s. 120.52(3), F. S., may legally elect to refer certain of its appeals cases to hearing officers of the Division of Administrative Hearings and retain the authority to hear cases it does not elect to refer. The answers to your questions are in the negative. A basic premise of your question, in which I concur, is that the Career Service Commission is an agency within the meaning of s. 120.52(1), F. S., and as such it comes within the purview of the Administrative Procedure Act. The Career Service Commission is created by s. 110.041, F. S., to hear appeals arising from the state's personnel rules and regulations, hold public hearings on proposed rules and regulations, and to perform any other duties which are authorized by rules of the Department of Administration. Section 110.041(2). As such, the commission appears to be an agency as specifically defined by s. 120.53(1)(b), F. S. Cf. AGO's 075-6 and 075-58. Section 120.57, F. S., applies "in all proceedings in which the substantial interests of a party are determined by an agency." Assuming that matters coming before the commission are within this phraseology, s. 120.57(1)(a) provides that a hearing officer assigned by the Division of Administrative Hearings shall conduct all formal proceedings which are defined to mean proceedings involving a disputed issue of material fact, except for: 1. Hearings before agency heads other than those within the Department of Professional and Occupational Regulation; 2. Hearings before a member of an agency head other than agency heads within the Department of Professional and Occupational Regulation; 3. Hearings before the Industrial Relations Commission, judges of industrial claims, unemployment compensation appeals referees, and the Public Service Commission or its examiners; 4. Hearings regarding drivers' licensing pursuant to chapter 322; 5. Hearings within the Division of Family Services of the Department of Health and Rehabilitative Services; and 6. Hearings in which the division is a party; when the division is a party, an attorney assigned by the Administration Commission shall be the hearing officer. Section 120.52(3), F. S., defines "agency head" for the purposes of administrative procedures as follows: "`Agency head' means the person or collegial body in a department or other governmental unit statutorily responsible for final agency action." Section 110.061(4), F. S., directs that actions of the Career Service Commission are directly reviewable by the judiciary and reads as follows: The exercise by the Career Service Commission of the powers, duties, and functions prescribed by this section shall be reviewable only by the judiciary on the grounds that: (a) The commission did not afford a fair and equitable hearing. (b) The decision of the commission was not in accordance with existing statutes or rules and regulations promulgated thereunder. (c) The decision of the commission was not based on substantial evidence. Thus, the Career Service Commission is responsible for final agency action, which includes the whole or part of an order issued by the head of an agency pursuant to s.120.57(1) or (2), F. S., and is an agency head as defined in s.120.52(3), F. S. Attorney General Opinion 075-306. This being the case, the use of hearing officers is permissive rather than mandatory. The Career Service Commission may conduct the hearings or request that they be conducted by a hearing officer. I am unaware of any statutes which would prevent the Career Service Commission from electing to refer only certain appeals to hearing officers. The commission or its delegate must, however, make this elective determination within the 10-day time constraint of s.120.57(1)(b)3., F. S. See s. 20.04, F. S., and AGO 075-306.